Good morning, everyone. The first case on the docket this morning is case number 120507, agenda number 2, People of the State of Illinois v. David Holmes. Counsel, are you ready? And are you? You may proceed. Good morning, Your Honors. Counselor, and please record Assistant Attorney General Garson Fisher for the people. Your Honors, in this case, an officer saw a defendant on a Chicago beach carrying an object that that officer immediately identified as a handgun. At the time, it was illegal to carry an uncase-loaded, immediately accessible firearm in the State of Illinois, so the officer arrested the defendant. When this court subsequently declared that portion of the AUUW statute unconstitutional in People v. Aguilar, the trial court excluded all of the evidence that was seized in connection with that arrest. That decision was in error for two reasons. First, because the officer had probable cause at the time of the arrest to believe that defendant was committing a crime, the defendant's Fourth Amendment rights were not violated. Second, even if this court were to hold for the first time that the subsequent declaration that a substantive criminal statute is unconstitutional retroactively rendered defendant's arrest unlawful, the good faith exception to the exclusionary rule should apply. The question, in a case such as this one where an officer makes a warrantless arrest, is whether, based on the totality of the circumstances at the time of the arrest, the officer had probable cause to believe defendant was committing a crime, and in this case, there's no question that the officer did. The defendant conceded in the trial court that at the time of the arrest, the officer was authorized to place defendant under arrest. The trial court held that there was probable cause at the time of the arrest, and that was a correct holding. The officer saw the defendant lean into a vehicle, defendant's shirt rode up, officer saw an object tucked into the defendant's waistband, he immediately recognized that object as a firearm, and so he placed him under arrest for violating the then valid aggravated unlawful use of a weapon statute. It makes no difference that that statute was subsequently declared unconstitutional. As the U.S. Supreme Court said in Michigan v. DeFilippo, the substantive criminal statute for which a defendant is arrested is only relevant for the probable cause analysis insofar as it is part of the totality of the circumstances that need to be considered in determining whether there was probable cause to believe defendant was committing a crime at the time. But even were this court to decide that its decision in Aguilar to declare that portion of the AUW statute unconstitutional retroactively rendered defendant's arrest unlawful, the question, even when there's been a Fourth Amendment violation, of whether to exclude evidence is a separate one. The exclusionary rule is a remarkable remedy. It exacts a very high toll on the courts and on society. It forces the courts to ignore relevant, reliable evidence, and it oftentimes allows a criminal to go free. And that's why this court has said it is a remedy of last cases where it serves a deterrent purpose of deterring an officer or the General Assembly from violating a defendant's Fourth Amendment rights in the future. And that's where the good faith exception comes in. When an officer is relying on a good faith belief that his actions are authorized by law, the exclusionary rule loses much of its deterrent force, and it can't pay its high price. In codifying the good faith exception as articulated by the U.S. Supreme Court and approved by this court, the General Assembly defined good faith in part as including when an officer arrests a defendant pursuant to a substantive criminal statute that is subsequently declared unconstitutional. And that definition is unquestionably correct because under those circumstances, the exclusionary rule serves no deterrent value. Excluding the evidence in this case would not deter a similarly situated officer from making the exact same arrest in the future. And as the U.S. Supreme Court observed, it would be poor policy to deter an officer from acting in that way. The officer's then valid criminal statutes of the state, and we don't want officers selectively choosing which crimes to pursue based on their own personal beliefs that the statute might someday be declared unconstitutional under the Second Amendment or the First Amendment or because the public act that it was part of violated the single subject rule. It is true that this court has departed from Supreme Court precedent in application of the good faith exception in a somewhat similar but distinct set of circumstances. The U.S. Supreme Court in Illinois v. Krull applied the good faith exception where an officer relied on a procedural statute authorizing and regulating searches and seizures that itself violated the Fourth Amendment. This court, in People v. Kruger, disagreed with the Supreme Court's reasoning in Illinois v. Krull. It agreed with Justice O'Connor's dissent. It said that deterring the General Assembly or the legislature from passing bills that violate the citizens' Fourth Amendment rights was among the core concerns of the Fourth Amendment and that because application of the exclusionary, excuse me, of the good faith exception would create a disincentive for defendants to ever challenge such statutes. I mean, after all, in their case, the evidence would still come in even if this court found the statute violated the Fourth Amendment. But it could create an extensive period of time during which a statute that violates citizens' Fourth Amendment rights could be allowed to operate. Mr. Fischer, why is the concern expressed in Kruger about a legislative grace period not at issue in this case? Because, Your Honor, a defendant has an incentive to challenge a substantive criminal statute that defines criminal conduct in his own case. Any conviction or indictment pursuant to that statute would be vacated if the statute was unconstitutional. And indeed, there are circumstances where you don't even have to wait for enforcement of an unconstitutional statute before it can be challenged. Moore v. Madigan is an example of a case where a statute was challenged without enforcement. So the disincentive that's created by application of the good faith exception in a case where the statute in question is a procedural one that authorizes or regulates searches and seizures doesn't exist when the statute in question is a substantive statute that defines criminal conduct. When a criminal statute is basically unconstitutional, any conviction, any indictment pursuant to that statute, going back to its effective date, can be vacated. Which brings us to People v. Carrera. The First District and defendant rely heavily on this court's decision in People v. Carrera for the position that any time a statute is found facially unconstitutional because it is void ab initio, that if it plays a role in the defendant's arrest at all, that the good faith exception cannot apply. That is not the case. All this court need do to find in the people's favor here is decline to extend the statute to define criminal conduct. Because Carrera, like Kruger, dealt with a procedural statute that authorized searches and seizures. And again, the distinction, which is dispositive in this case, makes perfect sense. Beyond the Fourth Amendment concerns that were discussed extensively in Kruger, the void ab initio concerns that were present in People v. Carrera apply differently to a substantive statute than a procedural statute. When a statute is facially unconstitutional, it is, as this court has held, void ab initio. It is void from its effective date. But as this court has made clear in cases like Blair and McFadden, what it means for a substantive criminal statute to be void ab initio is that there can be no valid convictions under that statute dating back to its effective date. In contrast, when a procedural statute that authorizes or regulates searches and seizures is void ab initio, such as in People v. Carrera, to say that it cannot be enforced back to its date, to its effective date, is to say that any search or seizure that was authorized solely by that statute was, in fact, not authorized, even if it came before this court's declaration that the statute was unconstitutional. So the distinction which this court and People v. Kruger explicitly made between procedural statutes authorizing and regulating searches and seizures and substantive criminal statutes defining criminal conduct is equally applicable for People v. Kruger's reasoning. But should this court agree with the First District that the language of Carrera is too expansive to maintain that distinction, then this court should overturn Carrera. The dissent in Carrera makes a persuasive case that because none of the Fourth Amendment considerations that guided this court's decision in Kruger when it declined to follow Krull are present in a case like Carrera, where the statute does not, in fact, violate a defendant's Fourth Amendment rights, are present that the exclusionary rule did not have a place that the evidence should not have been excluded. And indeed, the considerations that underlie the exclusionary rule, the deterrent value of that rule, are not present in a case where the statute in question doesn't violate the Fourth Amendment on its face. The General Assembly, similarly situated when it passed the statute of question in People v. Carrera, would not be deterred from passing a similar statute. The statute itself was not unconstitutional, nor would an officer acting in reliance on such a statute in the future be deterred from executing a search or seizure authorized by that statute. Can I ask you a question? In Carrera, there is some discussion in both the majority and the dissent about the historical fact of a conviction based upon an unconstitutional statute. And as you briefly said, and I just want to ask you some more questions about it, there has been certainly more discussion in our cases as to what void ab initio means in terms of this idea of historical fact. Blair talking about that void ab initio cannot be read to mean the statute never existed. That would be a repeal of the statute that obviously would be an issue about separation of powers. McFadden, this court recognized that the prior conviction under a certainly unconstitutional statute was still a fact that could be proven in the unlawful use of a weapon by felon case. So how do we reconcile those later cases and how they talk about void ab initio with Carrera? Well, Your Honor, I think that those later cases provide a great deal of clarity for a substantive criminal statute such as the one in this case and what it means for it to be void ab initio. As the court said in Blair, there are consequences to a statute's existence prior to it being declared unconstitutional that cannot be justly ignored. The people aren't asking the court to narrow the meaning of the term void ab initio. This case is easier, for example, than the determination of Hebel v. McFadden. The statute had already been declared unconstitutional and the question was whether the defendant had changed his status as a convicted felon when he had not yet moved to vacate that conviction. In this arrest, the officer was relying on a then valid statute. Not only had this court not declared the statute unconstitutional, but first district precedent at the time had held that the statute was constitutional under the Second Amendment. So applying this court's clarification or refinement of the meaning of void ab initio when talking about a substantive criminal statute to this case, this is an easy case to hold that the consequences of the statute's existence as a valid criminal statute prior to Hebel v. Aguilar, one of the consequences of that was that at the time of defendant's arrest, the officer had probable cause to make that arrest. And Carrera, as I mentioned, deals with a procedural statute that authorized extraterritorial arrests. So to say that that statute was void ab initio, that it couldn't be enforced from its effective date, requires different consideration. And arguably it is a dispositive distinction that to not enforce that statute would mean that the officer wasn't authorized to make an extraterritorial arrest at all. Probable cause, no probable cause, period. The statute that authorized him to make an extraterritorial arrest simply didn't exist as a valid statute at that time. Because we're talking about a procedural statute that authorized the arrest and not the substantive statute that defined criminal conduct. If that distinction, if this court finds that that distinction isn't supported by the discussion that you mentioned from People v. Carrera, and therefore Carrera can't really be reconciled with the subsequent clarification in Blair and in People v. Carrera cannot stand for the proposition that a once valid statute has no consequences once it's declared facially unconstitutional consistent with Blair and McBeth. I don't think it's necessary to go there. I think all this court need do is decline to extend Carrera to But as I said, the dissent in Carrera makes a persuasive case that Carrera was wrongly decided and that the Fourth Amendment concerns and the determined value of exclusionary rule aren't to be found in circumstances such as those in People v. Carrera. Whether because this court holds that at the time of defendant's arrest the officer had probable cause to commit a crime and therefore his constitutional rights weren't violated or because this court finds that the good faith exception to the exclusionary rule should apply when an officer makes an arrest for a violation of a then valid criminal statute. This court should overturn the judgment of the First District and remand to the trial court for further proceedings. Unless your honors have any further questions. Thank you. Good morning your honors. Assistant Cook County Public Defender Eileen Paul on behalf of the defendant David Holmes. If it may please the court, this court should affirm because the trial court properly granted David Holmes' motion to suppress for lack of probable cause where the firearm statute which formed the justification for his arrest and search was unconstitutional on its face in void ab initio. Both the trial court and appellate court here conducted a straightforward application of this court's prior void ab initio precedent as set forth in People v. Carrera. And this court should reject the invitation from the state here to turn back the clock on those years of important protections for Illinois citizens from legislative abuse of great periods of impunity for unconstitutional legislation. Under the void ab initio doctrine when a statute is held to be unconstitutional on its face it is as if the statute never existed. It confers no right, imposes no duty, and affords no protections. The void ab initio doctrine is expressly remedial. It is designed to correct the wrongs and it has roots in due process. Is all of that true even as to the issue of whether the officer acted in good faith? Your Honor, under the void ab initio doctrine we do not reach the issue of good faith. That is what Carrera held, that where void ab initio applies that question does not come up. It only would arise if the void ab initio doctrine did not bar the evidence in this case. Only if this court overrules People v. Carrera do we get to the question of the good faith of the police officer. And part of that is because the void ab initio doctrine has been interpreted to have strict application in criminal cases under People v. Gersh. The courts have not gone down an equitable balancing test with respect to criminal cases under the void ab initio doctrine as opposed to civil cases. So here we do not use the balancing test from the exclusionary rule when we are considering void ab initio, and that's because the rules have very different purposes. Justice Breyer, before we get off that point, the appellate court conceded it could be argued that section 114-12b2 had been invalidated by Kruger and Carrera, but that those courts had not explicitly done so. So my question is, in light of that concession, could you give me an instance of where section 114-12 would still apply under at least the appellate court's interpretation of the statute in this case? Well, Your Honor, as you put it in your brief, if the void ab initio doctrine is applicable, we do not reach the statute because the statute applies only if evidence is not otherwise admissible. If it's barred by the void ab initio, it's not otherwise admissible. Right, but you get there by Carrera, right? By Carrera. However, if Carrera did not apply, the statute still might be applicable to cases where the finding of unconstitutionality is as applied because the void ab initio doctrine and the precedent applies only for unconstitutional on its face. But to the extent that it's a statute like this one, which is unconstitutional on its face, were this court to overrule Carrera and reach the question of the exclusionary rule and the good faith exception, then yes, indeed, under People v. Kruger, any application of that statute to a statute that was found unconstitutional on its face would contradict Kruger. Could you reconcile the Blair and McFadden discussion of the void ab initio? Certainly you're citing from the Gersh case. The Gersh case is a seminal case that discusses the fact that a statute that was unconstitutional could, void ab initio is where the language comes from, and that there must be a remedy. And certainly in both those cases, Blair and McFadden, the conviction under an unconstitutional statute, that the conviction should be vacated. That seems to be what Gersh is talking about. What is the remedy for a conviction under an unconstitutional statute? We've moved beyond the historical fact discussion about void ab initio. How do you reconcile those cases? One very important difference besides the obvious different statutes involved with the status offense in McFadden is the whole idea which Justice O'Connor discusses in her dissent in Illinois v. Krull, that whole idea if you need to provide an incentive for people to bring constitutional challenges, and part of the remedy and the language of void ab initio, part of the way to correct the wrongs is to bring these issues before the courts so they may address them. And in McFadden, you had a situation where the defendants there did have an opportunity to avail themselves of the courts to bring constitutional challenges. They could have moved to vacate their convictions. They could have perhaps challenged them directly when they were initially prosecuted, yet they had failed to do so. In this case, we have the opposite incentive. We have this matter coming up on a motion to suppress. That is the earliest time you could, or one of the earlier times you could bring a constitutional challenge. And you also, in McFadden, you don't have that issue you have here of the uncharged offense where it is entirely possible that a statute which is unconstitutional may be used to arrest a person. A good example would be something like a loitering statute or a traffic offense, and then the prosecution in its discretion only goes forward on the more serious charges. And then you have that disjunct between the charged offense used for arrest and the uncharged offense used for arrest and the charged offense. And you could have a class of statutes that would evade review because they simply would be not brought before the court. And the application of void ab initio in this case would promote that policy of bringing those challenges. So with respect to fashioning a remedy, it is quite important to have that remedy here for that purpose of correcting the wrong. Could you address Michigan v. DeFilippo? I notice you don't even mention it in your brief. The Supreme Court apparently seems like they had exactly the same issue that we have here and resolved it very easily and said that there was probable cause when a police officer observed what was then a violation of a valid statute. And certainly some language about how important it is for society to have police officers to be able to rely on the statutes on the books. You don't even mention or respond to that very much. Can you respond to that case now? I'll respond a bit, but I have further response, Your Honor. Michigan v. DeFilippo is a pre-Leon case. The analysis on that case did not employ the balancing test that we now use under the exclusionary rule and the idea that deterrence is the touchstone. Indeed, the Supreme Court majority opinion in Illinois v. Krull discussed Michigan v. DeFilippo and found that their substantive procedural dichotomy was not relevant because it really provided no basis to distinguish between the deterrence. And here the state has not answered the question despite their urging of a substantive procedural distinction. They have not answered that question of why the legislature would somehow, it's important that we need to deter them from passing unconstitutional procedural statutes. Why are those uniquely tempting to the legislature? And the state's argument only makes sense if we are to conclude that the legislature faces no similar temptation with respect to passing unconstitutional substantive laws. As we detail in our brief, the history shows quite the opposite. Both the instance statute with concealed carry and we've pointed the loitering laws as a well-known instance of passage of unconstitutional substantive laws. What do we do when we have people v. Charles, the Seventh Circuit case, that looks exactly the same issue we have here, applies Michigan v. DeFilippo very straightforward and says under federal law that the police officer had probable cause? What does a Chicago police officer do? Well, Your Honor, we are in Illinois and the Illinois Constitution does provide greater protections than the federal Constitution. I'm talking about probable cause here, not good faith. DeFilippo says there is probable cause. The police officer was following the law. The question is what is this court to do when the law is subsequently held unconstitutional? And DeFilippo and Charles just last year said the police officers had probable cause. And our state does not go lockstep with the federal courts because under all of Illinois has followed the Justice O'Connor line of reasoning, which was adopted in People v. Kruger, that we do have that interest, that it needs an institutional focus, that it is not sufficient simply to aim deterrence at the officer in the street. We need to aim it at the legislatures who pass the laws. And it's that distinction here that animates all of Illinois' cases. And we would urge this court to adhere to that. Those are very important policies. And the history of the concealed carry law alone shows that for a long period of time, Illinois was the last state in the nation to amend its concealed carry laws to comply with definitive United States Supreme Court precedents. There is a problem. This is an incentive. It does not create separation of powers issues because it merely removes that incentive for the legislature and promotes the orderly progression of the laws. And, Your Honor, again, this court only reaches the issue of the good faith acceptance exclusionary rule if it overrules People v. Carrara. And as we stated, we find no compelling reason to overrule People v. Carrara. This is a remedy. David Holmes needs to be made whole. It is the state who does not want to go back to the status quo ante. They want to reap the advantage of an unconstitutional law by their historical fact argument. And that is against all the policies behind void ab initio. But, similarly, even if this court overruled it, there is no compelling reason to overrule People v. Kruger. As we stated, that unconstitutional grace period is a problem and it is an effective way. The suppression is needed here as a remedy. Just merely vacating your substantive conviction is not enough. That does not get at that issue of providing that essential incentive for the uncharged offense. And that is an important protection here. The state has also claimed that this court should limit these doctrines to statutes which authorize searches. Well, the definition of probable cause is not an empty shell. It requires that the officer look at the probable cause to believe a person has admitted a crime. Every time the legislature passes a substantive criminal statute, they have authorized the police to make an arrest and search based upon that statute. There is really no way you can divorce those two concepts apart. And nor is there any merit to the state's argument that somehow a procedural statute presents a greater threat to liberty than a substantive criminal statute. It's well settled the connection between the substantive law and actual innocence. Here, substantive law literally results in a person being arrested for conduct that is not a crime under the Constitution, whereas violation of a procedural statute may or may not be a question of actual innocence. And again, the state has presented no compelling reason for this court to overrule any of its prior precedents. They provide necessary protection for the citizens of this state against the threat of legislative grace periods of impunity. They also correct the wrongs by providing persons with the means to bring unconstitutional laws to the attention of the court. It's essential to have a remedy in order for that process to happen. Otherwise, there are classes of laws that will simply evade review. And in balancing all of those factors, not simply the deterrence of the police, under the Illinois Constitution, we have departed from lockstep. We do have different decisions, and that is a positive thing. It helps protect our citizens, and it helps ensure that laws which are unconstitutional under our Constitution come to the attention of the court. So in short, the state has provided no compelling reasons, and we ask that this court affirm the appellate court's decision in this matter. Unless this court has any further questions, we'll conclude. Seeing none, thank you, Ms. Paul. Thank you very much, Your Honor. Thank you, Your Honors. Your Honors, defendant argues that this court's void of initial precedent, and People v. Carrera in particular, create an independent doctrine beyond the scope of traditional Fourth Amendment and exclusionary rule analyses under which evidence can be excluded. People's position is that Carrera does not create such an independent doctrine, that a statute's status as void of an issue is not sufficient to exclude evidence where there is no Fourth Amendment violation or where the considerations of traditional exclusionary rule analysis dictate against the exclusion of evidence. And this court should not abandon those traditional Fourth Amendment, exclusionary rule, and good faith analyses. In terms of the remedy considerations that dictate a statute's status as void of an issue when it is facially unconstitutional, this case demonstrates why exclusion of evidence here is not necessary to preserve the rights and interests of the citizens under those circumstances. Indeed, defendant's indictment for a violation of the unconstitutional portion of AUW was vacated. The question here is whether relevant, reliable evidence that defendant was also carrying a gun in public without a FOID card, a still valid count, should be excluded. There is a valid charged offense in this case, and the evidence of that offense is being excluded based on the court's subsequent invalidation of a different portion of the AUW statute. It's not necessary to exclude evidence in order for those statutes to be challenged. In fact, those statutes were challenged. They were challenged in People v. Aguilar. The parties agreed that the indictment under that portion of AUW needed to be vacated in this case. And if defendant had been convicted for the portion of AUW found unconstitutional in People v. Aguilar, even if his conviction was final prior to People v. Aguilar, he could, of course, move to vacate that conviction. That is the remedy for a facially unconstitutional substantive criminal statute, not the exclusion of evidence, whereas in this case there has been no Fourth Amendment violation. In fact, the public ban on carriage of firearms in Illinois had not gone unchallenged prior to Moore v. Madigan and People v. Aguilar. The First District, for example, had held that that ban was constitutional. The fact that there were disagreements amongst the courts before its final resolution about the constitutionality of that statute does not mean that the General Assembly was given a grace period during which an unconstitutional statute was allowed to be in operation. The statute was passed. It was challenged on the colorable grounds that it violated the Second Amendment. Eventually this court agreed with that and held it was unconstitutional. And the people agreed that convictions pursuant to that facially unconstitutional statute, even ones final prior to Aguilar, can now be vacated. We're not asking the court to turn back the clock on the meaning of void ab initio. We are simply saying that the court's clarification of that term in People v. Blair and People v. McFadden made clear that the consequence of that is that convictions pursuant to those statutes cannot be upheld. There is no further consequence to a substantive criminal statute's unconstitutionality. One last brief point regarding the Michigan v. DeFilippo. As Your Honor pointed out, that was the case that decided the question on whether there was a Fourth Amendment violation at all. Because there was probable cause at the time of the arrest, there was no Fourth Amendment violation. Consideration of the proper remedy exclusion or whether a good faith exception should exist wasn't necessary to that case at all because probable cause existed at the time of the arrest and therefore there was no constitutional violation. And indeed, this court noted the distinction between those circumstances and the circumstances in People v. Kruger involving a procedural statute in the People v. Kruger. The court cited favorably to Michigan v. DeFilippo to make that exact point. Unless Your Honors have any further questions, we ask that this court reverse the judgment of the First District. Thank you. Thank you. Case number 120407, People v. State of Illinois v. David Holmes will be taken under advisement as agenda number two. Mr. Fisher, Ms. Paul, thank you for your arguments today. You are excused.